[Cite as *Huntington Natl. Bank v. Conservatory Assoc., L.L.C.*, 2011-Ohio-3249.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

THE HUNTINGTON NATIONAL BANK

    Appellee

    v.

CONSERVATORY ASSOCIATES
LIMITED LIABILITY COMPANY, et al.

    Appellants

C.A. No.     10CA0096-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09CIV1920

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Huntington National Bank lent Conservatory Associates LLC $1,344,000 for construction expenses. The loan was secured with a mortgage. When Conservatory Associates defaulted on its promissory note, Huntington obtained a judgment against it. Huntington then filed a complaint for foreclosure, seeking to foreclose on the secured property. The trial court granted summary judgment to Huntington and ordered the property to be sold by an auctioneer. Conservatory Associates has appealed, arguing that the trial court incorrectly granted summary judgment to Huntington and incorrectly ordered the property to be sold by an auctioneer instead of by the county sheriff. We affirm in part because the trial court correctly granted Huntington's motion for summary judgment. We reverse in part because the court incorrectly ordered the property to be sold by an auctioneer without explaining in its decision why the sale should be by an auctioneer instead of the sheriff.

## CIVIL RULE 56(E)

{¶2} Conservatory Associates' second assignment of error is that the trial court incorrectly granted summary judgment to Huntington because the affidavit it attached to its motion for summary judgment did not comply with Rule 56(E) of the Ohio Rules of Civil Procedure. Under Civil Rule 56(E), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶3} Conservatory Associates has argued that the affidavit Huntington submitted in support of its motion for summary judgment was defective because the documents referred to in the affidavit were not attached to it. It has argued that the affidavit, therefore, did not comply with Civil Rule 56(E)'s requirement that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to . . . the affidavit[.]"

{¶4} The Ohio Supreme Court has held that "[t]he requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St. 2d 459, 467 (1981). This Court has held that the rule is also satisfied if the "affidavit[ ] state[s] that [it] w[as] made upon personal knowledge of the affiant and reference[s] . . . documents filed with the complaint." *Charter One Mortgage Corp. v. Keselica*, 9th Dist. No. 04CA008426, 2004-Ohio-4333, ¶14. Huntington submitted an affidavit from one of its vice-presidents, who asserted that he has personal knowledge of Huntington's books and records as they pertain to Conservatory

Associates and that the loan documents attached to Huntington's complaint are true, accurate, and complete copies of the loan documents at issue. We conclude that, under *Keselica*, the affidavit complied with Civil Rule 56(E). See *id*. (concluding that an affidavit complied with Civil 56(E) because it "stated that the affiant is a servicing agent for Charter One, that in such position she has custody of and is familiar with the account of Appellant, and that the note and mortgage attached to the complaint are accurate copies of the original instruments.").

{¶5}   Conservatory Associates has next argued that the affidavit does not establish that it defaulted on its promissory note or the amount of remaining debt. The affidavit, however, refers to the judgment lien that Huntington obtained in its first action against Conservatory Associates, a copy of which Huntington attached to its complaint. Accordingly, the trial court correctly concluded that Huntington established that there is no genuine of issue of material fact that Conservatory Associates defaulted on the promissory note.

{¶6}   Conservatory Associates has also argued that the affidavit is defective under Rule 56(E) of the Ohio Rules of Civil Procedure because it alleges facts that are not "admissible in evidence." According to Conservatory Associates, the affidavit contains hearsay that does not fall within any of the exceptions to the hearsay rule. In particular, Conservatory Associates has contested the affidavit's statements regarding the amount of debt owed.

{¶7}   As previously noted, in order to establish the amount of debt owed by Conservatory Associates, the affidavit referred to the judgment lien issued in the first case that Huntington filed against Conservatory Associates. Notwithstanding the applicability of the exceptions for hearsay under Rule 803 of the Ohio Rules of Evidence, the judgment lien from the first case is admissible against Conservatory Associates under the doctrine of res judicata. *State v. Bunfill*, 5th Dist. No. 87-CA-9, 1988 WL 3214 at *3 (Jan. 11, 1988) ("[Under] the doctrine[ ]

of *res judicata*[,] . . . the judgment in the first case is not only admissible in the second, but it is as a matter of substantive law conclusive against the party.") (quoting *McCormick on Evidence*, § 318 at 894 (Edward W. Cleary, ed., 3d ed. 1984)). The affidavit, therefore, satisfies Civil Rule 56(E)'s requirement that it "shall set forth such facts as would be admissible in evidence." Conservatory Associates' second assignment of error is overruled.

NOTICE OF DEFAULT

{¶8} Conservatory Associates' third assignment of error is that the trial court incorrectly granted summary judgment to Huntington because Huntington failed to establish that it provided notice of the default or gave Conservatory Associates an opportunity to cure. Conservatory Associates has argued that the mortgage required Huntington to provide notice of default before taking any action against it.

{¶9} Section 16 of the mortgage is titled "Events of Default." Under that section, "[t]he occurrence of any one or more of the following events shall be an 'Event of Default' hereunder: (a) The failure by Borrower to make any payment of principal or interest as and when such payments are due and payable under the Note, which failure shall continue beyond the expiration of any period of grace applicable to such payment under the Note; . . . [and] (c) Any default by Borrower in its observance or performance of any of the other terms, covenants or conditions required to be observed, performed, or discharged by Borrower hereunder or under any other Loan Document which shall remain uncured for thirty (30) days or longer after the date of the Bank's written notice to Borrower of any such default . . . ."

{¶10} As Huntington has noted, under the terms of the mortgage, written notice and an opportunity to cure are conditions precedent of an Event of Default only if the default is based on "any of the other terms, covenants or conditions required to be observed, performed, or

discharged by [Conservatory Associates]" other than "failure by [Conservatory Associates] to make any payment of principal or interest as and when such payments are due and payable[.]" According to the affidavit submitted by Huntington, Conservatory Associates' default was "due to failure to pay . . . when and as due." Because Huntington's complaint was based on Conservatory Associates' default under subsection "a" instead of subsection "c," the notice and cure provisions did not apply. Conservatory Associates' third assignment of error is overruled.

AUCTIONEER APPOINTMENT

{¶11} Conservatory Associates' first assignment of error is that the trial court incorrectly appointed an auctioneer to sell its property because it did not find that there is a special reason that the sale should not be completed by the county sheriff. Under Section 2329.34(B) of the Ohio Revised Code, "[n]o court shall make or issue an order to a master for the sale of real estate, unless there exists some special reason why the sale should not be made by the sheriff of the county where the decree or order was made, which reason, if the court finds any to exist, shall be embodied in and made part of the judgment, order, or decree for such sale."

{¶12} Huntington has argued that the trial court complied with Section 2329.34(B) because it wrote in its decree that "[Huntington's] Motion to Appoint an Auctioneer for the Sale of the Property is well taken and is granted." It has noted that it explained in its motion why it would be better for the court to appoint an auctioneer instead of allowing the sheriff to sell the property. According to Huntington's motion, an auctioneer could engage in a pre-sale marketing campaign and conduct the sale onsite, which would increase the chance of finding a bidder who would be willing to pay at least two-thirds of the appraised value of the property.

{¶13} We conclude that the trial court did not incorporate Huntington's reasons for appointing an auctioneer into its decision simply by writing that Huntington's motion was "well

taken" and "granted." Moreover, Section 2329.34(B) requires more than just incorporation by reference, it specifically requires that the "special reason" for the appointment of an auctioneer "be embodied in . . . the judgment" itself. The trial court, therefore, did not comply with Section 2329.34(B). Conservatory Associates' first assignment of error is sustained.

CONCLUSION

{¶14} The trial court correctly granted summary judgment to Huntington on its complaint for foreclosure. It incorrectly ordered the property to be sold by an auctioneer without including the special reason for the appointment in its decision. The judgment of the Medina County Common Pleas Court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JOHN P. MALONE, JR. Attorney at Law, for Appellant.

TAMI HART KIRBY and WALTER REYNOLDS, Attorneys at Law, for Appellee.